**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WENDY WATKINS | : | |
| 267 SCHIPPS LANE | : | |
| MOUNT BETHEL,  PA 18343 | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | |
| | : | No.: |
| NORTHAMPTON COUNTY | : | |
| COMMUNITY COLLEGE | : | |
| 3825 GREEN POND ROAD | : | |
| BETHLEHEM, PA 18020 | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

**COMPLAINT – CIVIL ACTION**

Plaintiff, WENDY WATKINS, by and her undersigned attorney, Adam D. Meshkov,

Esquire,  hereby brings this Complaint against Defendant, NORTHAMPTON COUNTY

COMMUNITY COLLEGE, and in support thereof avers as follows:

**PARTIES**

1.     Plaintiff, WENDY WATKINS, is an adult individual with a disability, with an

address of 267 Schipps Lane, Mount Bethel, PA 18343.

2.     Defendant, NORTHAMPTON COUNTY COMMUNITY COLLEGE, was

Plaintiff's employer for purposes of claims presented with an address of 3825 Green Pond Road,

Bethlehem, PA 18020.

## VENUE AND JURISDICTION

3.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.

4.      Venue is proper in this District under 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e) because the violations alleged below occurred in this District.

## EXHAUSTION OF REMEDIES

5.      Plaintiff filed a charge of discrimination with the Equal Opportunity in Employment Commission ("EEOC") on or about December 11, 2025.

6.      Plaintiff received a "Right to Sue" letter from the EEOC on January 9, 2026.

## FACTUAL ALLEGATIONS

7.      Plaintiff has been employed by Defendant since 2012.

8.      In October of 2021, Plaintiff's 14 year old daughter suffered a debilitating illness at which time Plaintiff applied for and was granted intermittent FMLA, which allowed her to work from home in order to provide necessary medical care to her daughter for approximately seven months.

9.      At the close of this period, Plaintiff was asked by Defendant's Human Resources to return to work in person and agreed to allow Plaintiff to continue to work one day per week from home.

10.      In the late spring of 2024, Plaintiff herself developed a debilitating medical condition constituting a disability under the ADA which required hospitalization and emergency life saving surgeries throughout 2024.

2

11. As a result of these medical conditions, Plaintiff was granted FMLA continuous leave of absence of her own from approximately April 2024 to March 2025, and intermittent FMLA during which she continued to work remotely through March 2025, at which time she returned in person.

12. In April 2025, Plaintiff discussed the possibility of a promotion with Cathleen Schaible, Human Resources, and asked whether Plaintiff had anything in her record that would impact advancement to which was told there was not.

13. A few weeks later, Plaintiff was informed by Ms. Schaible that she he had received complaints that Plaintiff was not working during the period from June 2024 to March 2025 at which time she was working from home which Ms. Schaible admitted she knew of but did not inform Plaintiff about the first time she was asked.

14. During this meeting Ms. Schaible asked Plaintiff's supervisor, Rachel Weidlich, if she was aware of these complaints to which she replied that she was not.

15. Ms. Weidlich went on to explain that while Plaintiff was working from home she had no problems reaching her or with the quality of work performed during this time.

16. Following this meeting, Plaintiff drafted and provided to Defendant a formal written rebuttal of the warning given at the above meeting dated June 5, 2025.

17. Plaintiff provided this rebuttal although she was never given any written warning as per Respondent's progressive disciplinary policy.

18. On the week of July 17, 2025, Plaintiff advised her supervisor Ms. Weidlich that she would need to take the next two weeks off for personal reasons.

19. Ms. Weidlich simply advised her to email Human Resources in the event that they required any paperwork to approve the leave, which Plaintiff did.

20.     Having received no response, Plaintiff proceeded to take the next two weeks off.

21.     Several days before her intended return to work date of August 4, 2025, Plaintiff received a letter dated July 30, 2025, advising her that her employment had been ended and was later told that her position was being eliminated.

22.     In September 2025, Defendant publicly posted a job opening for Plaintiff's position on a part-time basis, despite its explanation that the job no longer existed.

**COUNT ONE**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 U.S.C. § 12101 et seq. – WRONGFUL DISCHARGE / RETALIATION**

23.     Plaintiff incorporates herein by reference all of the foregoing paragraphs as though set forth fully below.

24.     Plaintiff is a disabled person as defined by the ADA.

25.     Plaintiff was qualified to perform her job and did perform her job up through the time of her dismissal, with a reasonable accommodation.

26.     Defendant's termination of Plaintiff's employment was due to her disability and undertaken in retaliation for her previous receipt of a reasonable accommodation to such disability.

27.     Defendant's stated reasons for Plaintiff's termination are pretextual to discrimination based on Plaintiff's disability and/or in retaliation for her having received a reasonable accommodation for such disability.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendant requiring her compensation for damages suffered in the form of lost wages (backpay), anticipated wages (front pay), emotional distress, mental anguish, pain and suffering, inconvenience, humiliation, loss of the enjoyment of life, liquidated damages, if applicable,

reasonable attorney's fees and costs and all such other relief as this Court deems just, equitable and proper.

**COUNT TWO**
**VIOLATION OF THE FAMILY MEDICAL LEAVE ACT**
**29 U.S.C. § 2601 *et seq.* – WRONGFUL TERMINATION / RETALIATION**

28.    Plaintiff incorporates herein by reference all of the foregoing paragraphs as though set forth fully below.

29.    Plaintiff was a covered employee under the FMLA at the time she was afforded FMLA leave of absence.

30.    Defendant was a covered employer under the FMLA that it afforded Plaintiff leave of absence under the act.

31.    Plaintiff availed herself of the rights afforded under the FMLA by requesting and receiving FMLA leave of absence.

32.    Defendant afforded to Plaintiff the FMLA rights to which she was entitled.

33.    Defendant terminated Plaintiff's employment in retaliation for requesting and receiving a leave of absence under the FMLA.

34.    Defendant's reasons for Plaintiff's termination are pretextual to retaliatory motive ? Plaintiff for requesting and receiving FMLA protections.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendant requiring her compensation for damages suffered in the form of lost wages (backpay), anticipated wages (front pay), reasonable attorney's fees and costs and all such other relief as this Court deems just, equitable and proper.

5

MESHKOV & BRESLIN


*Adam D. Mehkov*_____
ADAM D. MESHKOV, ESQUIRE
PA ID: 94856
830 Lehigh Street
Easton, PA 18042
610 438-6300 / 610 438-6304
*Attorney for Plaintiff*